CAROLYN FAULKS AND EDWARD A. FAULKS, PROSECU-
TORS, v. BOROUGH OF ALLENHURST, A MUNICIPAL
CORPORATION OF THE STATE OF NEW JERSEY, RE-
SPONDENT.

Argued January 17, 1939—Decided March 2, 1939.

Before Justices CASE, DONGES and PORTER.

For the prosecutors, *Lindabury, Depue & Faulks* (*Lester
C. Leonard,* of counsel).

For the respondent, *Richard W. Stout* (*William J.
O'Hagan,* of counsel).

The opinion of the court was delivered by

PORTER, J. The prosecutors seek a writ of *certiorari* to
review an ordinance of the respondent providing for the
installation of an outfall pipe extending into the ocean for
disposing of sewage by order of the State Department of
Health.

It appears that other litigation has resulted between the
parties concerning sewage disposal resulting in a judgment
of ouster in favor of the prosecutors against the respondent
in a suit in ejectment relating to a chlorinator plant which
affected property rights of prosecutors. *Faulks* v. *Allenhurst,*
115 *N. J. L.* 456.

The respondent has instituted proceedings under the Eminent Domain statute to acquire for public uses whatever rights the prosecutors had in the premises. Those proceedings are now pending and, we are informed, are nearing completion.

Meanwhile occurred the necessity for the building of the proposed outfall pipe at or near the site of the property of prosecutors, whereon is situated the said chlorinator plant, under the order of the State Department of Health and the adoption of the resolution under attack to effectuate that purpose.

It seems to us that the respondent was under an imperative duty to safeguard the public health by constructing this outfall pipe.

Under the circumstances and the evidence before us, we conclude that the action of the respondent in the adoption of the ordinance has not been shown to have been improper or to have infringed any rights of prosecutors, but on the contrary was well within the sound discretion of the respondent.

The application for the writ is denied, with costs.